Christopher R. Kinkade
Joseph Schramm, III
PIERSON FERDINAND LLP
100 Overlook Center, 2nd Floor
Princeton, NJ 08540
640-444-3749
christopher.kinkade@pierferd.com
joseph.schramm@pierferd.com

*Attorneys for POSIMAT, S.A.*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **POSIMAT, S.A.**, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. _____ |
| | ) | |
| **PACE PACKAGING LLC**, | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**COMPLAINT FOR PATENT INFRINGEMENT AND JURY DEMAND**

Plaintiff POSIMAT, S.A. ("POSIMAT") files this Complaint for Patent Infringement and Jury Demand against Defendant Pace Packaging LLC ("Pace"), alleging as follows:

### I.    INTRODUCTION

1.    POSIMAT is a leading designer and manufacturer of robotic unscramblers, among other systems and products.  Robotic unscramblers are automated devices designed to organize and orient containers (such as empty plastic bottles) in production lines.  Their main function is to ensure that each container is correctly aligned before being filled or processed, which optimizes efficiency and reduces errors in the production chain.

2.    POSIMAT was founded in 1977 in Sabadell, near Barcelona, Spain, by Mr. Jaume Marti, who designed the first POSIMAT bottle unscrambler.  Since then, POSIMAT has become a world-wide leader as a designer and manufacturer of empty-plastic-bottle handling systems.

3.      POSIMAT is the owner of all right, title, and interest in and to United States Patent No. 11,667,477 ("the '477 Patent" or "the Asserted Patent"). The Asserted Patent is entitled "Machine for Automatically Positioning Objects."  A true and correct copy of the Asserted Patent is attached to this Complaint as Exhibit 1.

## II.      THE PARTIES

4.      POSIMAT is a Spanish corporation with an address of Poligon Industrial Can Salvatella, Av. Arraona, 17-23, Barbera Del Valles, Spain 08210.  POSIMAT also maintains a production center in Miami, Florida.

5.      Upon information and belief, Pace is a New Jersey corporation having a principal place of business at 22 Madison Road, Fairfield, New Jersey 07004.

## III.      JURISDICTION AND VENUE

6.      This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, including 35 U.S.C. § 271, among other provisions. The Court has subject-matter jurisdiction over the claims raised in this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.      This Court has personal jurisdiction over Pace by virtue of, *inter alia*, its place of business in Fairfield, New Jersey; its conduct of business in this District; its purposeful availment of the rights and benefits of New Jersey law; and its substantial, continuous, and systematic contacts with the state of New Jersey and this District.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Pace maintains a regular and established place of business in this District and, upon information and belief, has committed acts of patent infringement in this District.

## IV.    GENERAL ALLEGATIONS

### A.    The Asserted Patent and Claim

9.    POSIMAT is the sole owner of the Asserted Patent with the full and exclusive right to bring suit to enforce it.  POSIMAT is also entitled to sue to collect damages for all past infringement of the Asserted Patent.

10.    The Asserted Patent was duly and legally issued by the United States Patent and Trademark Office on June 6, 2023. *See* Exhibit 1, which is incorporated by reference in its entirety.

11.    The Asserted Patent and all claims thereof are presumed valid and enforceable under 35 U.S.C. § 282.

12.    POSIMAT asserts that at least, and without limitation, claim 1 of the Asserted Patent has been directly infringed by Pace, either literally or under the doctrine of equivalents. POSIMAT reserves the right to assert infringement of additional claims of the Asserted Patent pursuant to the Court's (and other applicable) rules and procedures and as discovery progresses.

13.    POSIMAT's counsel sent Pace a letter informing Pace of the Asserted Patent and POSIMAT's infringement concerns on March 4, 2025.  Accordingly, Pace has had notice and knowledge of the Asserted Patent and POSIMAT's infringement concerns for many months. Despite this, and upon information and belief, Pace continues to infringe one or more claims of the Asserted Patent.  Accordingly, Pace had knowledge of the Asserted Patent, Pace infringed the Asserted Patent after acquiring that knowledge, and Pace knows or should know that its continuing conduct amounts to willful infringement of the Asserted Patent.

### B.    Pace's Accused VersaSort™ Product

14.    Pace has made, used, sold, offered for sale, and/or imported robotic unscramblers in or into the United States.  Upon information and belief, Pace continues to do so.  Those robotic

unscramblers include, but are not limited to, Pace's VersaSort™ Robotic Unscrambler and Orienter (the "Accused Product"), Pace's manufacture, use, sale, offer for sale, and/or importation of which constitutes direct infringement under 35 U.S.C. § 271(a) of at least claim 1 of the Asserted Patent, either literally or under the doctrine of equivalents.

15. The Abstract of the Asserted Patent is reproduced below:

> A machine for automatically positioning objects is disclosed. The machine has one inlet conveyor to transport objects in a lying position; a detector system to identify the orientation and/or shape of the objects; a robotic collection device to collect and position the objects according to information received by the detector system; a transfer conveyor having transfer fasteners arranged in fixed positions along a periphery of the transfer conveyor defining a closed loop around a tilted axis; an outlet conveyor to receive and transport the objects in an upright position; and a transfer fastener seat for the objects at each transfer fastener. The conveyor moves the fasteners seats because of the movement of the transfer conveyor between an upper receiving position, in which the object is held in a lying position, and a lower delivery position, in which the object is held in an upright position. The transfer conveyor and the outlet conveyor are synchronized.

16. The automatic and robotic nature of the Accused Product can be seen in an animation and still shots found on Pace's web page at https://www.pacepackaging.com/products/versasort-robotic-unscramblers/. The animation and still shots depict a machine for automatically positioning objects. The animation and still shots also depict an inlet conveyor that transports objects such as plastic bottles in a lying position, robotic "arms" configured to collect the objects in their lying position, transfer fasteners movable along a closed loop in a plane tilted with respect to horizontal, an upper receiving region and lower delivery region, and an outlet conveyor that receives and transports the objects in an upright position. The web page referenced above also indicates that the transfer system of the Accused Product uses suction and air flow to hold containers, which protects them from crushing, scuffing, or scratching.

17.    The automatic and robotic nature of the Accused Product can also be seen in a video found at https://www.youtube.com/watch?v=Y0THNSQZTAk.    This video shows that the Accused Product is a machine for automatically positioning objects that has an inlet conveyor to transport objects (e.g., empty plastic bottles) in a lying position, a robotic collection device using suction to collect and position the objects, a transfer conveyor having transfer fasteners arranged in a fixed position along the periphery of the transfer conveyor that defines a closed loop around a tilted axis, and an outlet conveyor to receive and transport the objects in an upright position.    The video also shows movement of the transfer conveyor between an upper receiving position in which the object is held in a lying position, and a lower delivery position in which the object is in an upright position.

18.    An infringement claim chart is attached to this Complaint as Exhibit 2, incorporated herein by reference in its entirety.  The chart lists the limitations of claim 1 of the Asserted Patent and shows where claim limitations are found in the Accused Product.  The images of the Accused Product in Exhibit 2 are still shots of Pace's Accused Product in the video on the website page found at https://www.linkedin.com/posts/beckhoff-automation-usa_unscramble-a-wide-range-of-cartons-with-verasort-activity-7295836026655121408-4SM-/?utm_source=share&utm_medium=member_desktop&rcm=ACoAABVIP1wB3YaytoEaIsGgs-bBng9-7dbsb-8.

**COUNT I**
**(Infringement of the '477 Patent under 35 U.S.C. § 271)**

19.    POSIMAT incorporates paragraphs 1 through 18 as though fully set forth herein.

20.    Pace has directly infringed one or more claims of the '477 Patent by making, using, selling, offering for sale, and/or importing in or into the United States the Accused Product, all in violation of 35 U.S.C. § 271(a).

21.    Based on publicly-available information, the Accused Product satisfies every limitation of at least claim 1 of the '477 Patent.

22.    Upon information and belief, Pace's acts of infringement have occurred within this District and elsewhere throughout the United States.

23.    As a result of Pace's infringing conduct, POSIMAT has been damaged and will suffer additional damages due to Pace's infringement. Pace is liable to POSIMAT for damages that adequately compensate POSIMAT for Pace's infringement in an amount not less than a reasonable royalty, together with interest and costs as fixed by this Court, pursuant to 35 U.S.C. § 284.

## **REQUEST FOR RELIEF**

WHEREFORE, POSIMAT respectfully requests the Court find in its favor and against Pace, and that the Court grant POSIMAT at least the following relief:

A.    Entry of judgment that Pace has directly infringed, literally and/or under the doctrine of equivalents, one or more claims of the Asserted Patent;

B.    An accounting of all damages sustained by and an award of all damages to POSIMAT in an amount to be proven at trial and not less than a reasonable royalty;

C.    An injunction against Pace, its officers, agents, employees, attorneys, and all others acting in concert or participation with Pace from infringing the Asserted Patent in any manner;

D.    A finding that Pace has willfully infringed the Asserted Patent and an award to POSIMAT of enhanced damages as appropriate under 35 U.S.C. § 284;

E.  An award to POSIMAT of its costs (including disbursements), a declaration that this an exceptional case, and an award to POSIMAT of its reasonable attorneys' fees in accordance with 35 U.S.C. § 285;

F.  An award of pre-judgment and post-judgment interest at the maximum rate permitted by law applied to the damages caused to POSIMAT by reason of Pace's infringing activities and other conduct complained of herein; and

G.  An award of such other and further relief to POSIMAT as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), POSIMAT hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Dated: March 16, 2026

**PIERSON FERDINAND LLP**

*s/ Christopher R. Kinkade*
Christopher R. Kinkade
Joseph Schramm, III
100 Overlook Center, 2nd Floor
Princeton, NJ 08540
640-444-3749
christopher.kinkade@pierferd.com
joseph.schramm@pierferd.com

Bart A. Starr (*pro hac vice* forthcoming)
Scott Bialecki (*pro hac vice* forthcoming)
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, CO 80202
Telephone: 720-987-0899
Facsimile: 303-863-0223
bstarr@sheridanross.com
sbialecki@sheridanross.com

*Attorneys for POSIMAT, S.A.*

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the undersigned counsel hereby certifies that this matter in controversy is not the subject of any other action in any other court, or of any pending arbitration or administrative proceeding.

Respectfully submitted,

Dated: March 16, 2026

**PIERSON FERDINAND LLP**

*s/ Christopher R. Kinkade*
Christopher R. Kinkade
Joseph Schramm, III
100 Overlook Center, 2nd Floor
Princeton, NJ 08540
640-444-3749
christopher.kinkade@pierferd.com
joseph.schramm@pierferd.com

*Attorneys for POSIMAT, S.A.*